FARMERS' LOAN & TRUST COMPANY v. TOBIAS J. RAINER.

[50 South. 491.]

SALES.   *Breach of warranty.   Promissory notes.   Bona fide holder.*

   Where a buyer, with knowledge that the goods delivered him were
   inferior to those ordered, executed his notes to the seller for the
   purchase price, a breach of the seller's warranty is no defense to
   a suit on the notes by a *bona fide* holder for value, to whom they
   were assigned before maturity.

FROM the circuit court of Yazoo county.

HON. WILEY H. POTTER, Judge.

The Farmers' Loan & Trust Company, appellant, was plain-
tiff in the court below; Rainer, appellee, was defendant there.
From a judgment in defendant's favor plaintiff appealed to the
supreme court.

The defendant purchased, by sample, jewelry from the travel-
ing salesman of the Equitable Manufacturing Company, whole-
sale jewelers domiciled in Iowa.   After the delivery of the
jewelry to defendant and his discovery that it was inferior to
the samples, he sold some of it to his customers, and they re-
turned it to him as unsatisfactory.   Subsequently he executed
the notes for the purchase price payable in Iowa City, Iowa,
which were before maturity assigned by the Manufacturing
Company, the payee, to the Farmer's Loan & Trust Company
of Iowa City, Iowa, the appellant, who brought this suit upon
them.

*Holmes & Holmes,* for appellant.

There was no competent evidence introduced in behalf of ap-
pellee which in any way affected the title of appellant.   *Eman-
ual v. Barnett,* 34 Miss. 63.   The appellant was therefore en-
titled to a peremptory instruction regardless of the defense
which appellant might have had if the suit had been brought on
the notes by the Equitable Manufacturing Company.

Even if fraud were perpetrated upon appellee by the vendor, and if the goods were not the goods bought, yet appellee became liable for them when, with knowledge of the situation, he accepted them, offered them for sale, and afterwards executed the notes representing the purchase money. It is further shown in evidence that appellee with knowledge of the situation paid two of the notes given in payment of the jewelry. We therefore insist that it is now too late for appellee to claim that the goods were misrepresented by the seller.

*Campbell & Campbell*, for appellee.

Granting that the introduction of the notes properly endorsed raised the presumption that plaintiff was the *bona fide* holder for value, before maturity, in the regular course of business, this is merely a presumption; and when the appellee proved fraud in the inception of the contract, then the burden of proof shifted and it was incumbent on appellant to prove that it acquired the paper before maturity in regular course of business for a valuable consideration and without notice of any defects. 1 Daniel Negotiable Instr. (5th. ed.) § 812; Norton Bills & Notes (2d ed.) 310; 4 Am. & Eng. Ency. of Law (2d ed.) 321.

It is well settled law that he who takes over-due paper takes it subject to all equities and defenses that might be raised between the original parties. See Daniel, *supra*, § 782; *Money v. Ricketts*, 62 Miss. 209.

SMITH, J., delivered the opinion of the court.

With full knowledge of the fact that the jewelry delivered him by the Equitable Manufacturing Company was not of the character and quality ordered by him, and after some of it, which had been sold to his customers, had been returned to him as worthless, appellee failed to exercise his right to reject the jewelry, but executed the notes sued on. The peremptory instruction, therefore, requested by appellant, should have been given.

*Reversed and remanded.*